Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

556

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3332 | **DATE** | JAN 25 2001 |
| **CASE TITLE** | Daniel v. U.S. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, Daniel's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [Doc. 1-1] is DENIED. This case is closed. Any and all other pending motions are moot and terminated.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 2 6 2001 | |
| | Notified counsel by telephone. | date docketed | 5 |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | 15 docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| dc(lc) | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARRY DANIEL, | ) |
| Movant, | ) |
| | ) No. 00 C 3332 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Larry Daniel ("Daniel") brings the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. For the reasons set forth below, Daniel's motion is denied.

## I. Background

Daniel was indicted for robbing the First Star Bank in Vernon Hills, Illinois, in violation of 18 U.S.C. § 2113(a). Daniel plead guilty to the indictment pursuant to a plea agreement. Paragraph 11 of the plea agreement read, in pertinent part:

> [T]he defendant knowingly waives the right to appeal any sentence within the applicable sentencing guidelines range, or the manner in which that sentence was determined. . . in exchange for the concessions made the the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255, other than a claim under Section 2255 which involves a challenge based upon ineffective assistance of counsel.

-1-



Prior to Daniel's sentencing hearing, a Presentence Investigation Report ("PSI") was prepared. In his objections to the PSI, Daniel argued that it was erroneous to apply two criminal history points under a theory that he was under a criminal justice sentence at the time of his offense. Daniel maintained that he was not on probation at the time of the instant offense. However, he acknowledged that: (1) he had been placed on probation on December 14, 1993 for two years; (2) he had violated probation; (3) two bench warrants were issued; (4) he was taken into custody and released on his own recognizance; and (5) after being released, he failed to appear in court, which in turn resulted in the issuance of a third bench warrant. While conceding that the warrant remained active, Daniel argued that his probation had expired. Therefore, Daniel reasoned, he was not on probation at the time of the bank robbery. After considering Daniel's objections to the PSI, the court found that Daniel was on probation at the time of the offense. The court found that the PSI was properly calculated. On March 25, 1999, this court sentenced Daniel to thirty three months in the custody of the United States Bureau of Prisons.

When Daniel was admitted into the Bureau of Prisons, Detainer Action letters were filed with county sheriff's offices. County sheriffs were informed that Daniel had an active warrant for a probation violation in a criminal case. The letter requested an investigation into pending charges in the respective counties. In a letter dated February 2, 2000, the Lake County State's Attorney stated that the criminal case referenced in the Detainer Action letter was in fact a Cook County case. The Cook County Sheriff's office indicated that no active warrants were found.

## II. Discussion

In the instant petition, Daniel claims that his criminal history points were miscalculated under the United States Sentencing Guidelines. Daniel, however, is barred from bringing the instant petition because he waived the right to collaterally attack his sentence in his plea agreement.

As a general rule, waivers are enforceable. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1998). See also United States v. Feichtinger, 105 F.3d 1188, 1190 (7th Cir. 1997) (noting that where statutory rights are at issue, a defendant may waive the right in a plea agreement). The right to bring a collateral attack pursuant to §2255 "survives only with respect to those discrete claim which relate directly to the negotiation of the waiver." Id. Specifically, a petitioner may maintain a §2255 challenge in the face of a waiver only if he claims ineffective assistance of counsel in connection with the negotiation of the agreement or coercion or intimidation that undermines the voluntariness of the agreement.[1] Id.

> Here, the plea agreement into which Daniel entered expressly states that Daniel [W]aives the right to appeal any sentence within the applicable sentencing guidelines range, or the manner in which that sentence was determined . . . [as well as the] right to challenge his sentence . . . in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

This waiver is enforceable. Daniel does not claim that has was dissatisfied with the advice of his counsel as it related to his entry into the plea. Nor does he contend that he did not know or

---

[1] In the context of waivers of appeals, the courts have also noted that such a waiver is inoperative where the trial court relied on a constitutionally impermissible factor (such as race) or the sentence exceeded the statutory maximum. See Jones, 167 F.3d at 1144; United States v. Hicks, 129 F.3d 376, 377 (7th Cir. 1998) (citing Feichtinger, 105 F.3d at 1190). Daniel does not assert either as grounds for his § 2255 petition. With respect to the latter factor, the court notes that the sentence imposed on Daniel is nowhere near the statutory maximum of twenty years.

understand the terms of the agreement. Instead, Daniel simply asserts that his criminal history points were miscalculated. The grounds asserted in Daniel's petition are not excepted from the bar imposed by the waiver as stated in his plea agreement. See Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (holding that petitioner waived right to seek post-conviction relief where challenge not based on deficient negotiation of waiver). Accord Feichtinger, 105 F.3d at 1190 (observing that an "improper application of the guidelines is not a reason to invalidate a knowing and voluntary waiver of appeal rights"). As such, Daniel's §2255 challenge is denied.

## III. Conclusion

For the foregoing reasons, Daniel's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is denied.

Enter:

_____
David H. Coar
United States District Judge

Dated: **JAN 2 5 2001**

-4-